UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                   Case No. 1:22-cr-83

CHRISTOPHER GORDON ANDERSON,         HON. JANET T. NEFF

    Defendant.
_____/

**OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION**

Defendant Christopher Gordon Anderson has agreed to plead guilty to Count 4 of the Indictment, which charges him with receipt of child pornography. Following a change of plea hearing on August 5, 2022, U.S. Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), accepting Defendant's plea of guilty, subject to final acceptance of the plea by the District Judge; reserving acceptance of the plea agreement (ECF No. 14) for the District Judge; and recommending that the District Judge "reject paragraph 17 of the Plea Agreement, which contains the so-called 'Hyde Waiver,' as against public policy and void as a matter of law" (R & R, ECF No. 19 at PageID.62). The Report and Recommendation was duly served on the parties. The government filed an Objection to the Report and Recommendation (ECF No. 20). Defendant did not file a response.

The government objects to the Magistrate Judge's recommendation to reject Paragraph 17 of the Plea Agreement. Paragraph 17 provides:

> Hyde Waiver. The Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious,

>frivolous, or in bad faith, and the defendant hereby disclaims and waives any right to make any claim for attorney fees.

(ECF No. 14 at PageID.53).

The Hyde Amendment was enacted on November 26, 1997 as part of Public Law 105-119 and is found as a statutory note to 18 U.S.C. § 3006A. The Hyde Amendment permits a prevailing federal criminal defendant to recover reasonable attorney's fee and litigation expenses if the position of the United States was "vexatious, frivolous, or in bad faith, unless, the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes). The government says that to prevent the filing of frivolous litigation, it often seeks a waiver of Hyde Amendment claims when, as here, a defendant is represented by retained counsel (ECF No. 20 at PageID.66). The government also points out that a court has the power only to accept or reject a plea agreement, not to strike a portion of the agreement (*id.,* citing FED. R. CRIM. P. 11(c) and *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015).

Having reviewed the Report and Recommendation and the government's Objection, the Court determines that the Magistrate Judge's recommendation to reject Paragraph 17 is properly rejected. "Under Rule 11, the judge's role is limited to acceptance or rejection of the plea agreement after a thorough review of the relevant factors; the judge should not participate in the plea bargaining process." *United States v. Harris*, 635 F.2d 526, 528 (6th Cir. 1980). The Court finds that striking one provision of the plea agreement amounts to improper judicial participation in the plea negotiations. *See Ushery*, 785 F.3d at 219 ("Rule 11 absolutely prohibits judicial participation in plea negotiations."). Accordingly:

**IT IS HEREBY ORDERED** that:

1. The government's Objection (ECF No. 20) is GRANTED, and the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED IN PART and REJECTED IN PART; specifically, the Court rejects the Magistrate Judge's recommendation to reject Paragraph 17 of the Plea Agreement but otherwise approves and adopts the remainder of the Report and Recommendation as the Opinion of the Court.

2. Defendant's plea of guilty is accepted, and Defendant is adjudicated guilty of the charge set forth in Count 4 of the Indictment.

3. The written plea agreement is hereby continued under advisement pending sentencing.

Dated:  September 9, 2022                     /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge